CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, State Bar No. 106790
 *caldwell@caldwell-leslie.com*
ANDREW ESBENSHADE, State Bar No. 202301
 *esbenshade@caldwell-leslie.com*
ALBERT GIANG, State Bar No. 224332
 *giang@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendants
SONY PICTURES ENTERTAINMENT INC; COLUMBIA PICTURES INDUSTRIES, INC.; PARIAH; DAVID KOEPP; JOHN KAMPS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE QUIRK, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SONY PICTURES ENTERTAINMENT INC., a Delaware corporation; COLUMBIA PICTURES INDUSTRIES, INC., a Delaware corporation; PARIAH, a California corporation; DAVID KOEPP, an individual; and JOHN KAMPS, an individual,<br><br>    Defendants. | Case No. CV 11-03773 RS<br><br>**STIPULATION AND [PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Trial Date:    None Set |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Sony Pictures Entertainment Inc., Columbia Pictures Industries, Inc., Pariah, David Koepp, and John Kamps ("Defendants") and Plaintiff Joe Quirk ("Plaintiff") (collectively, the "Parties"), BY AND THROUGH THEIR UNDERSIGNED COUNSEL OF RECORD, HEREBY STIPULATE AND AGREE TO THE REQUEST FOR, AND ENTRY OF, THE FOLLOWING STIPULATED PROTECTIVE ORDER:

1. Plaintiff filed the action entitled *Joe Quirk v. Sony Pictures Entertainment Inc., et al.*, N.D. Cal. Case No. CV 11-03773 (the "Action"). The Action relates to the not-yet-released motion picture "Premium Rush" (the "Picture"). Because the Picture is not scheduled for release until 2012, the confidentiality of information related to the unreleased Picture is of critical importance to Defendants, and the harm to Defendants from premature release of the Picture would be irreparable.

2. Defendants intend to file a dispositive motion (the "Motion") as to Plaintiff's claims for relief based on alleged copyright infringement. In order for the Parties to brief and for the Court to properly consider the issues raised in the Motion, Defendants intend to rely upon and ask the Court to take judicial notice of the Picture and a final script of the Picture (referred to herein as the "Continuity Script"). The Picture and Continuity Script are extremely sensitive and highly confidential due to the fact that the Picture has not yet been publicly released, and the public disclosure of either would cause significant and irreparable injury that could not be avoided by means less restrictive than those set forth in this Stipulated Protective Order.

3. In order to protect the confidentiality of the Picture and to ensure that there is no inadvertent disclosure of the Picture, the Picture shall be made available by Defendants for an *in camera* viewing by the Court and any staff designated by the Court at a date and time established by the Court and for viewing by Plaintiff, his wife, and his counsel at one or more dates and times that are mutually

1  convenient for the parties.

2      4.    A single copy of the Continuity Script shall be filed directly with the
3  chambers of the Court in a sealed envelope. The single copy of the Continuity
4  Script shall be available only to staff of the Court specifically designated by the
5  Court to have access to the document. The Continuity Script shall be kept in a
6  secure location in the chambers of the Court when it is not being viewed or used by
7  the Court or designated Court staff. The Continuity Script will not be copied by any
8  Court personnel and the single copy of the Continuity Script shall not be made
9  available to anyone other than specifically designated Court staff.

10      5.    Plaintiff's counsel shall also receive a single copy of the Continuity
11  Script, which shall be delivered to Plaintiff's counsel's office in a sealed envelope.
12  Plaintiff's counsel shall not permit any copying of the Continuity Script, shall store
13  the Continuity Script in a secure, locked file accessible only by Jeffrey Makoff,
14  Plaintiff's lead counsel, who will not permit any person other than himself, legal
15  personnel employed in his office working on the case, and Plaintiff and Plaintiff's
16  wife to see the Continuity Script. The single copy of the Continuity Script may be
17  viewed and used only in Plaintiff's counsel's office, and shall be kept in the secure,
18  locked file accessible only by Jeffrey Makoff when it is not being viewed or used.
19  The Parties agree to discuss in good-faith a procedure for review of the Continuity
20  Script and Picture by any expert retained by Plaintiff in this matter at a later date.

21      6.    Plaintiff and his counsel shall not in any manner disclose, summarize,
22  describe, characterize, or otherwise communicate or make available in whole or in
23  part any information concerning the contents of the Picture or the Continuity Script,
24  except in a sealed filing with the Court filed in Opposition to Defendants' Motion or
25  any other sealed filing in this action. Any Party may move to unseal any such
26  sealed filing once the Picture has been publicly released. Nothing contained herein
27  shall be deemed to be an admission by Defendants that public release of the Picture
28  diminishes the confidentiality of its content. Plaintiff will not attach the Picture or

any part of the Continuity Script to any such filing with the Court, which would be unnecessary given that Defendants will be making them available to the Court per the terms of this Stipulated Protective Order.

7. The terms of this Stipulated Protective Order will remain in place following the final determination of the Motion and until otherwise ordered by the Court.

8. Nothing set forth herein shall be used to state, support or waive a claim against Plaintiff, or defense against his claims, based on Plaintiff's acquisition or dissemination of any "Premium Rush" script prior to the filing of the Action.

9. The terms herein are Orders of the Court and not merely recitals, with this document containing the entire Stipulation between the Parties.  This Stipulated Protective Order can only be changed or terminated by an Order of the Court.

By the signature of their undersigned attorneys, the Parties and their counsel stipulate that they will be bound by the foregoing provisions and further stipulate that this Stipulated Protective Order may be signed, filed and entered by the Court.

## STATEMENT OF GOOD CAUSE

Plaintiff has brought a copyright action alleging that Defendants' upcoming motion picture, "Premium Rush," infringes on Plaintiff's 1998 book, "The Ultimate Rush."  Because "Premium Rush" is not scheduled to be released and distributed until 2012, Defendants consider the motion picture to be proprietary, commercially sensitive, and highly confidential.

Defendants have spent millions of dollars to develop and produce "Premium Rush" and any premature dissemination of "Premium Rush" prior to its scheduled release in 2012 would cause significant and irreparable harm to Defendants. Hollywood studios spend millions of dollars to track every step of the film production process to avoid such costly leaks.  The existence of rampant online piracy, particularly relating to motion pictures, makes it likely that any premature dissemination of "Premium Rush" will be spread quickly and extensively on the

1  Internet.  Recent leaks of motion pictures prior to their scheduled theatrical release
2  dates demonstrate that the failure to prevent such leaks can harm the "word of
3  mouth" concerning the motion picture, diminish the box-office receipts for the
4  motion picture, and cause significant damages to the creators of the motion picture.
5      Accordingly, Defendants consider (1) copies of "Premium Rush," and (2) the
6  Continuity Script of "Premium Rush" or any excerpts thereof to be proprietary and
7  extremely commercially sensitive.  In order to address these concerns and avoid
8  lengthy and expensive litigation over the issue, the Parties agree that a mutually
9  appropriate protective order will speed the discovery and litigation processes.
10 Therefore, the Parties believe good cause exists for protecting information relating
11 to the contents of the Picture and the Continuity Script on the terms set forth herein.

13 DATED: December 23, 2011    Respectfully submitted,
14     CALDWELL LESLIE & PROCTOR, PC

16     By   /s/ Christopher G. Caldwell
17     CHRISTOPHER G. CALDWELL
18     Attorneys for Defendants

19 DATED: December 23, 2011    VALLE MAKOFF LLP

22     /s/ Jeffrey T. Makoff,
    By  by email authorization
23     JEFFREY T. MAKOFF
    Attorneys for Plaintiff

25 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**
26 Dated:  ___12/27_____, 2011
27     HONORABLE RICHARD SEEBORG
    District Court Judge